**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0393n.06

No. 12-3979

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
*Apr 19, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| EVERARDO JAVIER REYES-GOMEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON PETITION FOR REVIEW |
| v. | ) | FROM THE UNITED STATES |
| | ) | BOARD OF IMMIGRATION |
| ERIC H. HOLDER, JR., Attorney General, | ) | APPEALS |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE:  SILER, GIBBONS, and GRIFFIN, Circuit Judges.

PER CURIAM.  Everardo Javier Reyes-Gomez petitions for review of an order of the Board of Immigration Appeals (BIA) that affirmed an immigration judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Reyes-Gomez is a native and citizen of Mexico.  He last entered the United States in 2004. In 2010, Reyes-Gomez filed an application for asylum, withholding of removal, and relief under the CAT, alleging that he would be persecuted and tortured by criminal gangs if removed to Mexico. The IJ denied Reyes-Gomez's asylum application, concluding that it was untimely and that Reyes-Gomez failed to demonstrate changed circumstances under 8 U.S.C. § 1158(a)(2)(D) to excuse the untimely filing.  The IJ further concluded that Reyes-Gomez failed to demonstrate entitlement to asylum, withholding of removal, or relief under the CAT.  The BIA dismissed Reyes-Gomez's appeal.

Reyes-Gomez argues that the IJ and BIA erred when determining whether he demonstrated changed circumstances under § 1158(a)(2)(D) to excuse the untimely filing of his asylum application. He asserts that escalating violence in Mexico from 2004 to 2010, including the murder of his friend and kidnapping of his cousin, constituted changed circumstances and that the IJ failed to consider the country reports discussing the increasing level of violence in Mexico. Reyes-Gomez also argues that the IJ and BIA erred by concluding that he failed to establish entitlement to asylum.

An asylum applicant must demonstrate by clear and convincing evidence that he filed the application within one year of entering the United States, unless, as relevant here, he can show "the existence of changed circumstances which materially affect [his] eligibility for asylum." 8 U.S.C. § 1158(a)(2)(B), (D). We lack jurisdiction to review the denial of an asylum application as untimely unless the applicant seeks review of constitutional claims or matters of statutory construction. 8 U.S.C. § 1158(a)(3); *Fang Huang v. Mukasey*, 523 F.3d 640, 650 (6th Cir. 2008). We cannot review Reyes-Gomez's argument concerning whether escalating violence in Mexico constitutes changed circumstances under § 1158(a)(2)(D) because the argument is predominantly factual. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 748 (6th Cir. 2006). To the extent that Reyes-Gomez raises a legal challenge based on the IJ's failure to consider the country reports concerning the increasing level of violence in Mexico, the challenge fails because the IJ explicitly referenced the reports when conducting his analysis. Because Reyes-Gomez cannot overcome the finding that his asylum application was untimely, we need not address the denial of the application on the merits.

Reyes-Gomez waived any challenge to the denial of withholding of removal and relief under the CAT by failing to properly address those issues in his appellate brief. *See Shkabari v. Gonzales*,

427 F.3d 324, 327 n.1 (6th Cir. 2005). The brief neither sets forth the relevant legal standards for withholding of removal or relief under the CAT nor applies those standards to the facts of the case. In any case, substantial evidence supported the BIA's determination that Reyes-Gomez failed to establish that, if removed to Mexico, it is more likely than not that he would be subjected to either persecution on account of a protected ground or torture. *See Dugboe v. Holder*, 644 F.3d 462, 471-72 (6th Cir. 2011); *Khozhaynova v. Holder*, 641 F.3d 187, 192-93 (6th Cir. 2011).

Accordingly, we dismiss Reyes-Gomez's petition for review insofar as he seeks review of the denial of his asylum application as untimely, and we deny the petition in all other respects.